OWEN, Circuit Judge,
concurring:
I join in the judgment reached by a majority of the en banc court. I do not entirely agree, however, with the majority’s analysis of Kebodeaux’s obligations under federal law to register as a sex offender at the time he completed his sentence for unlawful sexual relations with a fifteen-year-old.
When Kebodeaux was sentenced in court martial proceedings in 1999, he was required by federal law “to register in any State in which [he] resides, is employed, carries on a vocation, or is a student following release from prison or sentencing to probation”[1] if that State required registration. Kebodeaux could have been prosecuted under federal law, former 42 U.S.C. § 14072, for knowingly failing to register in any State in which he resides.[2] Federal law did not require States to require federal offenders such as Kebodeaux to register, but it encouraged them to do so.[3] Among other requirements, Texas laws obligated Kebodeaux to register with Texas authorities when he entered the state and to provide notice of a change of residence within the state or the intent to change residence within the state.[4] Prior to the enactment of SORNA, Kebodeaux could have been convicted under federal law, former 42 U.S.C. § 14072(i)(4), if he moved from El Paso, Texas to San Antonio, Texas and failed to notify Texas authorities of this intrastate change in residence in the manner required by state law. There would have been no constitutional infirmity in this federal law as applied to Kebodeaux because the federal requirement to comply with state registration requirements was in existence at the time that he was sentenced in the court martial proceedings. Congress was well within its powers under the Necessary and Proper Clause to impose conditions such as intrastate registration and reporting requirements on federal sex offenders in connection with their convictions and sentencing.
*255 SORNA expanded registration requirements for sex offenders. However, the question before us is whether Congress had the authority to criminalize the conduct for which Kebodeaux was convicted. Kebodeaux was prosecuted under 18 U.S.C. § 2250(a) for knowingly failing to “update a registration as required by [SORNA].”[5] The registration requirements applicable to Kebodeaux under SORNA included the obligation to keep his registration current in the jurisdiction in which he was residing and that he provide notice of a change of his residence within three business days, but not necessarily to the State in which he was residing.[6] These requirements differ from Texas law. One difference is that under Texas law, a sex offender has seven days within which to provide notice of a change of address.[7] Kebodeaux conceivably could have been convicted under SORNA for conduct that complied with State law and therefore would have also complied with the federal law to which Kebodeaux was subject at the time he was convicted and sentenced.
There is another difference between the federal law in effect when Kebodeaux was sentenced in 1999 and the provisions of SORNA under which he was prosecuted. The federal criminal statute that obtained in 1999, former 42 U.S.C. § 14072(i)(4), provided that the maximum term of imprisonment for a first offense of failing to register in a State was “not more than 1 year,” while under SORNA, the maximum term of imprisonment for a first offense is 10 years.[8] Kebodeaux was convicted under SORNA and sentenced to more than one year of imprisonment — one day more.
The question, then, is whether, after Kebodeaux had completed his federal sentence and had been released from federal oversight other than the reporting requirements imposed at the time he was sentenced, Congress could constitutionally subject Kebodeaux to federal reporting requirements that criminalized failure to *256 comply with federal, as opposed to State, reporting requirements regarding intrastate changes of residence, and that increased the punishment for failure to comply with reporting requirements. I agree with a majority of the en banc court that Congress could not constitutionally apply SORNA to Kebodeaux’s intrastate relocations under either the Necessary and Proper Clause or the Commerce Clause. I accordingly concur in the judgment.

. See id., which provided:
(i) Penalty
A person who is—
(4) sentenced by a court martial for conduct in a category specified by the Secretary of Defense under section 115(a)(8)(C) of title I of Public Law 105-119, and knowingly fails to register in any State in which the person resides, is employed, carries on a vocation, or is a student following release from prison or sentencing to probation, shall, in the case of a first offense under this subsection, be imprisoned for not more than 1 year and, in the case of a second or subsequent offense under this subsection, be imprisoned for not more than 10 years.

. See 42 U.S.C. § 14071(b)(7) (Supp. IV 1999), repealed by Sex Offender Registration and Notification Act, Pub.L. No. 109-248, 120 Stat. 587 (2006):
(7) Registration of out-of-State offenders, Federal offenders, persons sentenced by courts martial, and offenders crossing State borders
As provided in guidelines issued by the Attorney General, each State shall include in its registration program residents who were convicted in another State and shall ensure that procedures are in place to accept registration information from—
(A) residents who were convicted in another State, convicted of a Federal offense, or sentenced by a court martial ....

. See Tex.Code Crim. Proc. art. 62.051.

. 18 U.S.C. § 2250(a) (emphasis added). That section provides:
§ 2250. Failure to register (a) In general. — Whoever—
(1) is required to register under the Sex Offender Registration and Notification Act;
(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
shall be fined under this title or imprisoned not more than 10 years, or both.

. 42 U.S.C. § 16913. That section provides in pertinent part:
(a) In general
A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
(c) Keeping the registration current
A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

. TexCode Crim. Proc. art. 62.051(a).

. 18 U.S.C. § 2250(a).